564 S.E.2d 672

**In the Matter of Orangeburg County Magistrate
Derrick F. DASH, Respondent.**

No. 25476.

Supreme Court of South Carolina.

Submitted May 7, 2002.
Decided June 3, 2002.

Henry B. Richardson, Jr., and Senior Assistant Attorney General Nathan Kaminski, Jr., both of Columbia, for the Office of Disciplinary Counsel.

Derrick F. Dash, of Elloree, Pro se.

PER CURIAM:

In this judicial disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RJDE, Rule 502, SCACR. In the agreement, respondent admits misconduct and consents to the imposition of a sanction ranging from a letter of caution to a public reprimand. We accept the agreement and publicly reprimand respondent. The facts as set forth in the agreement are as follows.

650

### *Facts*

Several motorcyclists, including complainant, appeared before respondent, a magistrate in Orangeburg County, after receiving traffic tickets. Since the motorcyclists were all ticketed during the same traffic stop, respondent separated the group into defendants pleading "guilty" and defendants pleading "not guilty." However, complainant's case was not called at that time.

One of the defendants pled "guilty." Respondent fined the defendant and *sua sponte* stated that the court was reducing the "points" to four [1] even though respondent had no jurisdiction to do so. Respondent did not state on the record the rate of speed for which the guilty verdict was imposed and which formed the basis for the imposition of the fine.

After handling the guilty plea, respondent consolidated the cases of the defendants pleading "not guilty." Complainant's case had still not been called. The police officer presented the State's case, which included a video tape of the traffic stop that was played for the court and entered into evidence. The defendants were allowed to cross-examine the officer and present testimony in their defense. Respondent found the defendants "guilty," and imposed a fine and "four points" for the violation. Respondent did not properly state on the record that he was rendering a guilty verdict or the rate of speed for which the guilty verdicts were imposed and which formed the basis for the fines.

The police officer then informed respondent that complainant's case had not been called. When the case was called, complainant indicated that he wanted to plead "not guilty" and offer testimony in his defense. The officer asked respondent if he wanted to watch the video tape again and respondent declined to do so. Respondent then found complainant "guilty" without allowing him to present testimony, call witnesses, or offer any evidence in his defense.

In response to ODC's preliminary investigation, respondent admitted that he did not allow complainant to present any evidence because complainant was previously identified in the

---

**1.** Respondent was referring to the point system used by the Department of Public Safety to evaluate driving records.

video tape and that he made a directed verdict of guilty. Magistrates in South Carolina lack the authority to make a directed verdict of "guilty" in criminal proceedings, and in his response to the Notice of Full Investigation, respondent stated that he now realizes that he erred in directing a verdict in complainant's case. Additionally, respondent failed to respond to the Notice of Full Investigation until approximately one year after it was served upon him.

### Law

Respondent admits that his conduct violated the following canons set forth in the Code of Judicial Conduct, Rule 501, SCACR: Canon 2(A) (a judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary); Canon 3(B)(2) (a judge shall be faithful to the law and maintain professional competence in it); Canon 3(B)(7) (a judge shall accord to every person who has a legal interest in a proceeding, or that person's lawyer, the right to be heard according to law); and Canon 3(B)(8) (a judge shall dispose of all judicial matters promptly, efficiently, and fairly). Respondent also admits that these violations constitute grounds for discipline under Rules 7(a)(1), and 7(a)(2), RJDE, Rule 502, SCACR.

### Conclusion

We find that respondent's misconduct warrants a public reprimand. We therefore accept the Agreement for Discipline by Consent and publicly reprimand respondent.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.